UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MICHAEL AGUGLIARO,

    Plaintiff,

vs.

    Case No. 5:18-CV-237-OC-30PRL

GEICO GENERAL INSURANCE COMPANY, INC.

    Defendant.

_____/

## DEFENDANT'S, GEICO GENERAL INSURANCE COMPANY, PETITION FOR REMOVAL WITH INCORPORATED MEMORANDUM OF LAW

Defendant/Petitioner, GEICO GENERAL INSURANCE COMPANY, by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1441, 1446 and 1332, respectfully petitions this Court for removal of the above captioned action from the Circuit Court of the Fifth Judicial Circuit, in and for Marion County, Florida to the United States District Court for the Middle District of Florida, Ocala Division. In support of this petition, GEICO GENERAL INSURANCE COMPANY states as follows:

1. Plaintiff is a citizen of the State of Florida.

2. GEICO GENERAL INSURANCE COMPANY is a corporation that is incorporated in the State of Maryland, and its principal place of business is in the State of Maryland. There is complete diversity of citizenship.

3. While the amount in controversy is not clearly stated on the face of the pleadings, other evidence clearly show that the amount in controversy exceeds $75,000.00. This evidence includes:

a. Plaintiffs' demand letter (Exhibit A), which describes Plaintiff's damages and demands payment of $250,000.00. The demand letter claims that Plaintiff sustained multiple spinal injuries which has caused him to be no longer capable of work. Plaintiff is a 40 year old, and accordingly has a work-life expectance of another 25 years. Assuming Plaintiff only earned minimum wage, this wage loss would amount to $412,500.00 (25 years x 2000 hours/year x $8.25). Plaintiff's claimed economic damages alone easily surpass the $75,000.00 jurisdictional threshold.

b. Plaintiffs' civil remedy notice (Exhibit B) which demands payment of $250,000.00, and claims "Mr. Agugliaro suffered permanent injuries to his cervical spine, thoracic spine, lumbar spine, bladder, spinal cord, neurological system, and is essentially a quadriplegic."

4. Defendant has removed this action within one year after the commencement of the action, in accordance with 28 U.S.C.A. § 1446(c) and has removed this action within 30 days of being served with Plaintiff's complaint as required by 28 U.S.C. § 1446(b)(3).

5. As required by 28 U.S.C. § 1446(a), true and legible copies of "all process, pleadings, and orders" served upon Defendant in this action are submitted herewith. (Copies of these documents are attached on CD as required by the Local Rules).

6. Defendant has paid the removal fee.

WHEREFORE, Defendant/Petitioner, GEICO GENERAL INSURANCE COMPANY, respectfully requests that the action now pending against it in the Circuit Court in and for Hillsborough County, Florida be removed to this Honorable Court, and that this Court assume full jurisdiction over the cause herein as provided by law, and grant such further relief as the Court deems just and proper.

## INCORPORATED MEMORANDUM OF LAW

### I. Procedural History

On April 26, 2018 Plaintiff, MICHAEL AGUGLIARO, filed his complaint against GEICO GENERAL INSURANCE COMPANY. On April 30, 2018 a summons was issued. On May 7, 2018, Defendant was served with the Complaint. This petition was filed on or about May 10, 2018.

### II. The Statutory Requirements for Removal of this action have been met

The statutory requirements for removal of the present action from state court to the United States District Court for the Middle District of Florida, Ocala Division have been met. Any civil action brought in state court may be removed by the Defendant to federal court, in the district and division embracing the place where such action is pending, if the action could have more originally been brought in federal court. *See* 28 U.S.C § 1441(a); *Ayres v. General Motors Corp.*, 234 F.3d 514, 517 (11th Cir. 2000); *Rudnick v. Sears, Roebuck and* Co., 358 F.Supp.2d 1201, 1204 (S.D. Fla. 2005). To remove an action based on diversity jurisdiction, none of the properly joined and served defendants can be a citizen of the state in which the action is brought. *See* 28 U.S.C. § 1441; 28 U.S.C. § 1332(a). The matter in controversy must be between citizens of

different states. *See* 28 U.S.C. § 1332(a). Furthermore, the amount in controversy in a diversity action must exceed $75,000.00, exclusive of interest and costs. *Id.*

When the subject matter jurisdiction requirements of 28 U.S.C. § 1332 are met, that is to say, the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, the only remaining question is whether there moving party has satisfied the procedural requirements for removal under 28 U.S.C. § 1446. According to § 1446(b), " ... notice of removal of a civil action or proceedings shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ... " 28 U.S.C. § 1446(b); *see also Liebig v. Deloy*, 814 F.Supp. 1074, 1076 (M.D.Fla. 1993). Additionally, an action based on diversity jurisdiction may not be removed under § 1446(b) (3) more than 1 year after commencement of the action, unless it is determined that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action. 28 U.S.C.A. § 1446(c). The defendant seeking removal bears the initial burden of alleging federal jurisdiction. *See Wright v. Continental Cas. Co.*, 456 F.Supp. 1075, 1078 (M.D. Fla. 1978).

### A. Diversity of Citizenship

Geico is a Maryland corporation with a principal place of business in Maryland. (*See* Complaint, ¶ 5 "Defendant..is...a foreign profit corporation..."). Plaintiff is a citizen of the State of Florida. (Complaint, ¶ 4). Diversity of citizenship exists.

### B. Amount in Controversy

While the amount demanded by Plaintiff in the pleadings is not specified beyond

the jurisdictional threshold of the circuit court (greater than $15,000.00), it is obvious from the nature of the action that these are claims in excess of $75,000.00. "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061-1062 (11th Cir. 2010). "Put simply, a district court need not 'suspend reality or shelve common sense in determining whether the face of a complaint...establishes the jurisdictional amount."

"When the amount in controversy is not apparent on the face of the complaint, a court will permit the use of 'deduction, inference, or other extrapolation of the amount in controversy'; however, these deductions and extrapolations are not without bounds." *Dewitte v. Foremost Insurance Company*, 2016 WL 1072483 * 2 (M.D. Fla. 2016). "Ultimately, when the specific factual allegations underlying jurisdiction are in doubt, the removing party must support these allegations with 'evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Id.* Defendants offer the following evidence

1. Plaintiff's demand letter dated January 31, 2017. Plaintiff has demanded the full $250,000.00 in uninsured motorist coverage that is available to him pursuant to his automobile insurance policy issued by Defendant. Plaintiff justifies this demand by detailing the various spinal injuries he alleges he has received in a motor vehicle accident which is alleged to be covered by his Geico policy. The more serious injuries include cervical and lumbar

herniations with radiculopathy, which may require an anterior cervical discectomy and fusion from C5 to C7. (Demand letter, p.5). This is alleged to have caused Plaintiff depression and anxiety. Plaintiff's injuries have confined him to a wheelchair due to a diagnosis of paraplegia. (Id. p. 6, 7). Plaintiff has alleged that he is no longer able to work. Assuming that Plaintiff was only earning Florida's minimum wage of $8.25 an hour, Plaintiff, a 40 year old with a future work life expectancy of another 25 years, would earn approximately $412,500.00 over the remainder of his life (25 years x 2,000 hours a year x $8.25). Plaintiff's economic damages alone exceed the jurisdictional threshold, however, Plaintiff seeks noneconomic damages as well, which likely will be considerable if he persuades a jury that his paralysis was caused by this accident.

2. Plaintiff's civil remedies notice, which repeat claims made in the demand letter and allege the accident has rendered Plaintiff a quadriplegic. Plaintiff again demands payment of $250,000.00.

### III.   There has Been No Waiver of the Right to Remove

Defendant has not waived its right to remove this action. "A waiver of the right to remove must be clear and unequivocal; the right to remove is not lost by participating in a state court proceedings short of seeking an adjudication on the merits." *Tedford v. Warner-Lambert Company*, 327 F.3d 423, 428 (5th Cir. 2003). Defendant has removed this action three days after the date of service of the complaint.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 10, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to **Tomas L. Gacio, Esquire** (service@uiterwyklaw.com; tgacio@uiterwyklaw.com ), ABRAHAMSON & UITERWYK, 900 W. Platt Street, Tampa, Florida 33606.

/s/ T.R. Unice, Jr.
**T.R. UNICE, JR., ESQUIRE**
Florida Bar #58169 - trunice@unicesalzman.com
**JEFFREY D. JENSEN, ESQUIRE**
Florida Bar #0021017 - jjensen@unicesalzman.com
**UNICE SALZMAN JENSEN, P.A.**
Patriot Bank Building, Second Floor
1815 Little Road
Trinity, Florida 34655
Phone (727)723 3772
Fax (727)723 1421
Attorneys for Defendant, GEICO General Insurance Company

00363030.DOCX

02 06 17

January 31, 2017

PRIORITY MAIL

GEICO
P.O. Box 9091
Macon, GA 31208
Attn: Ms. Angela Trickler

TREATED AS DEMAND

Re: Our Client: Michael Agugliaro
    Our Matter Number: 94166
    Your Insured: Michael Agugliaro
    Claim Number: 039271926-0101-036
    Date of Loss: April 27, 2015

Dear Ms. Trickler:

Our firm has the pleasure of representing Michael Agugliaro, who is 40 years of age, in connection with the above-referenced motor vehicle accident. Please find enclosed documentation of the settlement offer from the bodily injury carrier in this matter. Additionally, enclosed is a copy of the tortfeasor's declaration of available insurance coverage for this loss.

Our client is making a claim against their uninsured motorist coverage. Your insurance company, GEICO, maintains a $250,000.00 uninsured motorist policy available to our client. We are submitting this information solely for the purpose of giving your company a limited opportunity to offer to resolve this claim. Thus, any information or materials submitted herein are not to be utilized in a later trial or proceeding without our consent. Also, no information should be considered a factual or legal admission by our client. Further, any materials submitted shall remain the property of our client and should be returned upon our request. This settlement package contemplates only bodily injury claims and specifically excludes any claims for property damage. Therefore, any release of this matter shall reflect only a bodily injury settlement and any language purporting to include a release of property damage claims shall be null and void. Finally, unless otherwise specifically stated, all references to dollar amounts in this demand and during negotiations shall be in United States Dollars

## LIABILITY

Pursuant to the enclosed accident report, the tortfeasor is 100% at fault for this accident. As referenced by the enclosed accident report, the tortfeasor negligently operated their motor vehicle and rear-ended the vehicle our client was driving. After investigating the accident, the investigating officer cited the tortfeasor for careless driving. Also, as indicated on the accident report, the investigating officer concluded that our client did not contribute to the accident and

---

ABRAHAMSON & UITERWYK

PERSONAL INJURY LAW
2639 McCormick Drive • Clearwater, FL 33759
Toll Free (800) 538-4878
Facsimile (727) 797-0407
Available by appointment at other locations
A Partnership of Professional Associations

Erik G Abrahamson, P.A. ++
Hendrik Uiterwyk, P A. +
++ Also Admitted in Colorado
+ Also Admitted in Louisiana
• Certified Circuit Civil Mediator
− Board Certified Civil Trial Law
# Also Admitted in New York

Mary Jane Arbutine
# Andrew M Bennett
Paul E Berg
• George H Brown
Anna Fredericksen-Cherry
− Tomas L Gaco
Dana P Hoffman
Christopher R Pavlik
~ Justin W Pimenta

Pinellas (727) 725 9411   Hernando (352) 666-1111   Sarasota (941) 365-5297
Hillsborough (813) 223-5295   Citrus (352) 726 0991   Sumter (352) 703 8800
Pasco (727) 847-1700   Manatee (941) 746 8181   Orlando (407) 622-5297


EXHIBIT A

02 06 17

thus was not negligent. Because of Florida's "rear-end presumption," the tortfeasor is <u>presumed negligent</u> as a matter of law. Furthermore, no negligence is attributable to our client.

### PHYSICAL IMPACT

The enclosed photographs taken of our client's motor vehicle indicate that there was an extremely significant impact between the two vehicles and extensive resulting property damage.

### CLIENT PHOTOGRAPH

Please find enclosed a photograph of Mr. Agugliaro. As you can see, our client will make a likeable and credible witness.

### MEDICAL CARE

### EMERGENCY MEDICAL SERVICES

Due to the severity of the accident-related injuries, emergency medical personnel treated Mr. Agugliaro at the accident scene.

### EMERGENCY MEDICAL CARE

Following the collision, Mr. Agugliaro was taken to Ocala Regional Medical Center where emergency medical care was rendered. Upon arrival to the hospital, **Mr. Agugliaro's initial complaints were neck pain, back pain and headache.** Due to the serious nature of his accident-related injuries, <u>Mr. Agugliaro underwent several x-rays and CT scans.</u>

After being released from the hospital, Mr. Agugliaro continued medical care with the following health care providers.

### FAKHOURY MEDICAL AND CHIROPRACTIC CENTER

### NAGY SHANAWANY, M.D.

Due to ongoing symptoms related to the accident, Mr. Agugliaro presented to the office of family medicine physician, Nagy Shanawany, M.D., who, after treating Mr. Agugliaro on a continuing basis, arrived at the following pertinent medical/legal findings:

    Final diagnosis of all accident-related injuries:
- <u>Headaches;</u>
- **CERVICALGIA WITH HERNIATED DISC;**
- **LUMBAGO WITH HERNIATED DISC;**
- <u>L5-S1 radiculopathy;</u> and
- <u>C5-6 cervical radiculopathy.</u>

2

02 06 17

## MARTHA M. PHELPS, LCSW

Subsequently, Mr. Agugliaro was referred for a biopsychosocial evaluation to Martha Phelps, Licensed Clinical Social Worker, who, after examining Mr. Agugliaro, arrived at the following pertinent medical findings:

    Diagnosis of all accident related injuries:
- Depression; and
- Anxiety.

## ANDRE C. HOBBS, M.D.
## BOARD CERTIFIED INTERVENTIONAL PAIN & PHYSICAL MEDICINE REHABILITATION

Due to persistent accident-related pain and symptoms, Mr. Agugliaro was referred to board certified interventional pain and physical medicine rehabilitation physician, Andre C. Hobbs, M.D. After evaluating Mr. Agugliaro, the following pertinent medical findings were made:

1. Diagnoses of all accident related injuries:
   - **CERVICAL HERNIATION WITH RADICULOPATHY AT C6-7**; and
   - **LUMBAR HERNIATION WITH RADICULOPATHY AT L5-S1.**

2. **PERFORMED SURGICAL INJECTIONS:**
   - On June 1, 2015, Dr. Hobbs performed a lumbar transforaminal epidural steroid injection. The right S1 transverse process of the right S1 nerve root was localized under fluoroscopic guidance. A 30-gauge, 1.5 inch skin needle was used for superficial tissues and a 25-gauge, 3.5 inch spinal needle was used for deeper tissues. The 25-gauge, 3.5 inch spinal needle was inserted down into the posterior aspect of the base of the transverse process. A 1 milliliter volume of Omnipaque was injected to confirm needle location. Then, the injection was performed using 2.5 milliliters injection of 3 milliliters of Depo-Medrol (40 milligrams/milliliters), 2 milliliters of 2% lidocaine without epinephrine, and 4 milliliters of normal saline solutions.

## MRI

Due to the serious nature of the accident-related injuries, Mr. Agugliaro underwent MRI studies of the cervical spine and lumbar spine which revealed the following:

1. MRI of the Cervical Spine:
   - **DIFFUSE DISC BULGE AT C6-7 WITH RIGHT PARACENTRAL AND RIGHT FORAMINAL DISC HERNIATION IS SEEN INDENTING THE THECAL SAC;**
   - **DIFFUSE DISC BULGE AT C5-6 WITH POSTERIOR CENTRAL, RIGHT PARACENTRAL AND RIGHT FORAMINAL DISC HERNIATION IS SEEN INDENTING THE THECAL;**

3

02 06 17

- Diffuse asymmetrical disc bulging is seen indenting the thecal sac at C3-4 and C4-5.

2. MRI of the Lumbar Spine:
   - **DIFFUSE DISC BULGE AT L5-S1 WITH POSTERIOR CENTRAL PROTRUSION TYPE DISC HERNIATION IS SEEN INDENTING THE THECAL SAC AND NARROWING THE BILATERAL LATERAL RECESS AND LEFT NEURAL FORAMEN WITH ABUTTING OF LEFT EXITING NERVE ROOT;**
   - Diffuse asymmetrical disc bulge at L4- is seen indenting the thecal sac and narrowing the left and right lateral recess; and
   - Diffuse disc bulging at L1-2 and L3-4 is seen indenting the thecal sac and causing some narrowing of bilateral recess.

### ELECTRODIAGNOSTIC EVALUATION

Due to Mr. Agugliaro continuing unresolved symptoms, Mr. Agugliaro underwent an electrodiagnostic evaluation which revealed the following injuries:

- Cervical radiculopathy, there is electrodiagnostic evidence of an acute bilateral cervical radiculopathy at C6;
- Cervical radiculopathy, there is electrodiagnostic evidence of an acute bilateral cervical radiculopathy at C7;
- Lumbar radiculopathy, there is electrodiagnostic evidence of an acute bilateral L5 lumbar radiculopathy; and
- Lumbar radiculopathy, there is electrodiagnostic evidence of an acute bilateral S1 lumbar radiculopathy.

### CT SCAN OF THE CERVICAL SPINE

Due to the serious nature of his accident-related injuries, Mr. Agugliaro underwent a CT scan of the cervical spine which revealed the following:

- **DIFFUSE DISC BULGE AT C6-7 WITH RIGHT PARACENTRAL AND RIGHT FORAMINAL DISC HERNIATION AND BILATERAL UNCOVERTEBRAL ARTHROSIS IS SEEN INDENTING THE THECAL SAC;**
- **DIFFUSE DISC BULGE AT C5-6 WITH POSTERIOR CENTRAL, RIGHT PARACENTRAL AND RIGHT FORAMINAL DISC HERNIATION AND BILATERAL UNCOVERTEBRAL ARTHROSIS IS SEEN INDENTING THE SPINAL CORD;**
- Diffuse asymmetrical disc bulge at C4-5 is seen indenting the thecal sac;
- Diffuse asymmetrical disc bulge at C3-4 with uncovertebral arthrosis is seen indenting the thecal sac; and
- Straightening of the cervical spine curvature.

4

02 06 17

### JAMES J. PARAISO, D.O.
### BOARD CERTIFIED ORTHOPEDIC SURGEON

Due to unresolved symptoms, Mr. Agugliaro was referred to Board Certified Orthopedic Surgeon, James J. Paraiso, D.O., for a surgical evaluation. After evaluating Mr. Agugliaro, the following pertinent medical findings were made:

1. Diagnosis of all accident related injuries:
   - Displacement of lumbar intervertebral disc without myelopathy;
   - Neck pain;
   - Lumbosacral radiculitis;
   - Brachial radiculitis; and
   - Spinal stenosis in cervical region.

2. **RECOMMENDED SURGERY**:
   - **ANTERIOR CERVICAL DISCECTOMY AND FUSION AT C5-7 AND POSSIBLE OTHER LEVELS**.

### LOURDES COLON-CACHO, M.D.

Subsequently, Mr. Agugliaro presented to the office of his primary care physician, Lordes Colon-Cacho, M.D. After treating Mr. Agugliaro, the following pertinent medical findings were made:

Diagnoses of all accident related injuries:
- Two bulging discs compressing the nerves in the neck and 4 bulging discs and 1 of those is compressing the cord;
- Abnormal gait requiring an assistive device;
- Pain in cervical spine;
- Cervical spinal stenosis;
- Intervertebral disc disorder of lumbar region with myelopathy;
- Depression; and
- Anxiety.

### EMERGENCY MEDICAL CARE
### SEPTEMBER 21, 2015

Due to the severe accident-related pain, Mr. Agugliaro was taken to Munroe Regional Medical Center where emergency medical care was rendered. Enclosed please find the records for your review.

### DANIEL JIN HOH, M.D.

Due to unresolved accident-related pain and symptoms, Mr. Agugliaro was referred to neurosurgeon, Daniel Jin Hoh, M.D. for an evaluation. After evaluating Mr. Agugliaro, the following pertinent medical findings were made:

Diagnoses of all accident-related injuries:
- **MYELOPATHY AND PARAPARESIS**;
- Low back pain; and
- Neck pain.

5

02 06 17

### GENE A. BALIS, M.D.

Due to ongoing accident-relate pain, Mr. Agugliaro presented to the office of neurosurgeon, Gene A. Balis, M.D. After evaluating Mr. Agugliaro, the following pertinent medical findings were made:

Diagnoses of all accident-related injuries:
- Unable to walk requiring a wheelchair;
- Cervical myelopathy; and
- Lumbar spondylosis.

### X-RAY STUDY

Subsequently, Mr. Agugliaro underwent x-ray studies of the cervical spine, thoracic spine and lumbar spine which revealed the following:

1. X-ray of the Cervical Spine:
   - Within normal limits.

2. X-ray of the Thoracic Spine:
   - **MULTIPLE COMPRESSION DEFORMITIES IN THE LOWER THORACIC REGION.**

3. X-ray of the Lumbar Spine:
   - Lumbar spondylosis.

### MRI

Due to the serious nature of his accident-related injuries, Mr. Agugliaro was underwent additional MRI studies of the cervical spine, thoracic spine and lumbar spine which revealed the following:

1. MRI of the Cervical Spine:
   - There is a disc bulge at and uncovertebral joint hypertrophy at C5-6; and
   - There is a disc bulge at C6-7.

2. MRI of the Thoracic Spine:
   - There is scoliosis and mild multilevel degenerative disc disease.

3. MRI of the Lumbar Spine:
   - **THERE IS DESICCATION AND A CENTRAL DISC PROTRUSION AT L5-S1.**

6

02 06 17

### LOWER EXTREMITY SOMATOSENSORY EVOKED POTENTIALS
### TAMPA GENERAL HOSPITAL

Subsequently, Dr. Balis referred Mr. Agugliaro to Tampa General Hospital for a lower extremity somatosensory evoked potentials test. Enclosed please find the report for your review.

### MRI
### BAYCARE OUTPATIENT IMAGING

Due to severe accident-related symptoms, Dr. Balis referred Mr. Agugliaro for repeat MRI studies of the cervical spine and thoracic spine:

1. <u>MRI study of the Cervical Spine</u>:
   - Cervical spondylosis at C5-6 and C6-7; and
   - Bilateral foraminal stenosis at C5-6 right greater than left.

2. <u>MRI of the Thoracic Spine</u>:
   - Mild scattered thoracic spondylosis without high-grade central or foraminal stenosis.

### MICHAEL J. BOND, M.D.

Due to accident-related symptoms, Mr. Agugliaro presented to the office of dermatologist, Michael J. Bond, M.D. Enclosed please find the medical records for your review.

### AMELIA LEY, M.D.

Please be advised that Mr. Agugliaro treated with primary care physician, Amelia Ley, M.D. We have requested the medical records and upon receipt we will forward a copy for your review.

### MAHESH PATEL, M.D.
### BOARD CERTIFIED UROLOGIST

Subsequently, Mr. Agugliaro was referred to Board Certified Urologist, Mahesh Patel, M.D. After evaluating Mr. Agugliaro, the following pertinent medical findings were made:

> Diagnoses of all accident-related injuries:
> - <u>Paraplegia</u>; and
> - **NEUROGENIC BLADDER**.

### EMERGENCY MEDICAL SERVICES
### MAY 15, 2016

Due to the severity of the accident-related injuries, emergency medical personnel treated Mr. Agugliaro.

7

02 06 17

## EMERGENCY MEDICAL CARE
## MAY 15, 2016

Due to accident-related pain, Mr. Agugliaro was taken to Munroe Regional Medical Center where emergency medical care was rendered.

## PAST MEDICAL BILLS

The medical expenses incurred thus far are as follows:

| PROVIDER | TOTAL | PAID/ ADJUSTED | UNPAID |
|---|---|---|---|
| Marion County Fire Rescue – DOS 4/27/15 | $556.32 | $556.32 | $0.00 |
| Ocala Regional Medical Center | $8,414.00 | $8,414.00 | $0.00 |
| Sheridan Emergency Physician Services, Inc. | $717.17 | $0.00 | $717.17 |
| Radiology Imaging Associates, P.A. | $434.00 | $434.00 | $0.00 |
| Fakhoury Medical & Chiropractic Center | $6,519.63 | $6,505.63 | $14.00 |
| Diagnostic Outpatient Centers of Ocala, Inc. | $3,776.75 | $3,775.75 | $0.00 |
| Central Florida Spine Institute, PLLC | $783.00 | $0.00 | $783.00 |
| Lourdes Colon-Cacho, M.D. | Unknown | Unknown | Unknown |
| Munroe Regional Medical Center – DOS 9/21/15 | $978.06 | $978.06 | $0.00 |
| Magnolia Emergency Physicians | $829.00 | $829.00 | $0.00 |
| Daniel Jin Hoh, M.D. | Unknown | Unknown | Unknown |
| Gene A. Balis, M.D. | $4,057.00 | $4,057.00 | $0.00 |
| Tampa General Hospital | $2,719.43 | $2,719.43 | $0.00 |
| BayCare Outpatient Imaging | Unknown | Unknown | Unknown |
| Advanced Dermatology & Cosmetic Surgery | $829.00 | $683.52 | $145.48 |
| Amelia Ley, M.D. | Unknown | Unknown | Unknown |
| Mahesh Patel, M.D. | Unknown | Unknown | Unknown |
| Marion County Fire Rescue – DOS 5/15/16 | Unknown | Unknown | Unknown |
| Munroe Regional Medical Center – DOS 5/15/16 | $1,687.11 | $1,687.11 | $0.00 |
| Magnolia Emergency Physicians – DOS 5/15/16 | $1,298.00 | $1,298.00 | $0.00 |
| **TOTALS** | $33,598.47 | $31,937.82 | $1,659.65 |

Our client maintained PIP coverage with $5,000.00 in medical payments coverage. As you can see from the attached PIP log, all benefits are exhausted. As you know GEICO has asserted a lien against the settlement for the $5,000.00 in medical payments coverage.

## PAST WAGE LOSS

Due to the permanent and serious nature of his accident-related injuries, Mr. Agugliaro can longer work. Prior to the accident, Mr. Agugliaro was employed by a day labor temp agency. His position required physical labor. As a result of his accident-related injuries, he is no longer able to meet the job requirements and has been unable to return to work since the date of loss.

8

02 06 17

### FUTURE WAGE LOSS

If this claim is not resolved, we will retain the necessary occupational rehabilitation experts to determine and substantiate the applicable lost wages.

### EFFECT ON ACTIVITIES OF DAILY LIVING

Although the injuries from this accident have detrimentally affected numerous aspects of our client's life, we have chosen not to generate an all-encompassing list of these adverse effects. Of course, many of the lifestyle changes are documented in the attached medical records. If the claim is not settled, the interpersonal impact on our client will be fully developed via depositions and live trial testimony.

### DEMAND FOR SETTLEMENT

Based upon the clear liability, the substantial impact, the well-documented objective medical findings (including A DIFFUSE DISC BULGE AT C6-7 WITH RIGHT PARACENTRAL AND RIGHT FORAMINAL DISC HERNIATION IS SEEN INDENTING THE THECAL SAC, A DIFFUSE DISC BULGE AT C5-6 WITH POSTERIOR CENTRAL, RIGHT PARACENTRAL AND RIGHT FORAMINAL DISC HERNIATION IS SEEN INDENTING THE THECAL, A DIFFUSE DISC BULGE AT L5-S1 WITH POSTERIOR CENTRAL PROTRUSION TYPE DISC HERNIATION IS SEEN INDENTING THE THECAL SAC AND NARROWING THE BILATERAL LATERAL RECESS AND LEFT NEURAL FORAMEN WITH ABUTTING OF LEFT EXITING NERVE ROOT, MYELOPATHY AND PARAPARESIS, MULTIPLE COMPRESSION DEFORMITIES IN THE LOWER THORACIC REGION, NEUROGENIC BLADDER, diffuse asymmetrical disc bulging is seen indenting the thecal sac at C3-4 and C4-5, a diffuse asymmetrical disc bulge at L4- is seen indenting the thecal sac and narrowing the left and right lateral recess, a diffuse disc bulging at L1-2 and L3-4 is seen indenting the thecal sac and causing some narrowing of bilateral recess), and impact upon our client's life, it is evident that this claim exceeds our client's underinsured (uninsured) motorist policy limits. Accordingly, please tender the limits and forward a release and settlement check, made payable to Michael Agugliaro, his spouse, Victoria Agugliaro, and Abrahamson & Uiterwyk on or before February 28, 2017. Our law firm tax identification number is 59-3606759.

Sincerely,

Christopher R. Pavlik, Esquire
Abrahamson & Uiterwyk
CRP/jcf

Enclosures

cc: Michael Agugliaro (w/ enclosures)



**JIMMY PATRONIS**
FLORIDA'S CHIEF FINANCIAL OFFICER

### Civil Remedy Notice of Insurer Violations

Home   Create Filing   Search Filings   Subscriptions   Help/FAQ                              Login

**Filing Number:** 379767
**Filing Accepted:** 3/5/2018

Print Filing

**Warning!** Information submitted as part of this civil remedy notice is a public record. Data entered into this form will be displayed on the DFS website for public review. Please DO NOT enter Social Security Numbers, personal medical information, personal financial information or any other information you do not want available for public review.

**Complainant**
Last/Business Name*   AGUGLIARO       First Name   MICHAEL
Street Address*       4311 SW 53RD TERRACE
City, State Zip*      OCALA, FL 34474
Email Address
Complainant Type: *   Insured

**Insured**
Last/Business Name*   AGUGLIARO       First Name   MICHAEL
Policy #              4191779620      Claim #*     0392719260101036

**Attorney**
Attorney is Applicable ☑
Last Name*            PAVLIK          First Name   CHRISTOPHER   Initial R
Street Address*       2639 MCCORMICK DRIVE
City, State Zip*      CLEARWATER, FL 33759
Email Address

**Notice Against**
Insurer Type *                                              ⦿ Authorized Insurer   ○ Unauthorized Insurer

Insurer Name GEICO GENERAL INSURANCE COMPANY (35882)

Please identify the person or persons representing the Insurer who are most responsible for/knowledgeable of the facts giving rise to the allegations in this notice.

DAVID STARK, ALL MANAGERS AND ALL SUPERVISORS
Type of Insurance *                                         Auto

**Reason for Notice**
Reason for Notice *
 Claim Delay
 Unsatisfactory Settlement Offer
 Unfair Trade Practice
 Other : ETHICAL VIOLATIONS

* PURSUANT TO SECTION 624.155, F.S. please indicate all statutory provisions alleged to have been violated.

624.155(1)(b)(1)      Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests.
626.9541(1)(i)(3)(a)  Failing to adopt and implement standards for the proper investigation of claims.
626.9541(1)(i)(3)(g)  Failing to promptly notify the insured of any additional information necessary for the processing of a claim.
626.9541(1)(i)(3)(f)  Unfair claim settlement practices

* Reference to specific policy language that is relevant to the violation, if any. If the person bringing the civil action is a third party claimant, she or he shall not be required to reference the specific policy language if the authorized Insurer has not provided a copy of the policy to the third party claimant pursuant to written request.

"LOSSES WE PAY UNDER THE UNINSURED MOTORIST COVERAGE: WE WILL PAY DAMAGES FOR BODILY INJURY CAUSED BY ACCIDENT WHICH THE INSURED IS LEGALLY ENTITLED TO RECOVER FROM THE OWNER OR OPERATOR OF AN UNINSURED AUTO ARISING OUT OF THE OWNERSHIP, MAINTENANCE OR USE OF THAT AUTO."

* To enable the Insurer to investigate and resolve your claim, describe the facts and circumstances giving rise to the Insurer's violation as you understand them at this time.

MR. AGUGLIARO HAS MET ALL CONDITIONS PRECEDENT TO BRINGING THIS CLAIM AGAINST GEICO. MR. AGUGLIARO WAS INVOLVED IN A MOTOR VEHICLE ACCIDENT ON APRIL 27, 2015. AS A DIRECT RESULT OF THAT ACCIDENT, MR. AGUGLIARO SUFFERED PERMANENT INJURIES TO HIS CERVICAL SPINE, THORACIC SPINE, LUMBAR SPINE, BLADDER, SPINAL CORD, NEUROLOGICAL SYSTEM AND IS ESSENTIALLY A QUADRIPLEGIC. MR. AGUGLIARO IS ALSO INDICATED FOR A TWO LEVEL CERVICAL FUSION. THE AT-FAULT PARTY TENDERED THE LIMITS OF THEIR BODILY INJURY INSURANCE COVERAGE TO MR. AGUGLIARO, BUT THIS TENDER WAS NOT SUFFICIENT TO ADEQUATELY AND LEGALLY COMPENSATE MR. AGUGLIARO FOR HIS DAMAGES. A DEMAND WAS THEN MADE UPON GEICO'S UNDERINSURED MOTORIST COVERAGE, BUT DESPITE BEING PRESENTED WITH THE WELL-DOCUMENTED INJURIES, GEICO HAS FAILED TO MAKE A GOOD FAITH OFFER. THE INSURANCE CARRIER CAN CURE OR REMEDY THE ALLEGED DEFICIENCY COMPLAINED OF BY SIMPLY PAYING THE POLICY LIMITS TO THE CLAIMANT WITHIN 60 DAYS FROM THE DATE OF RECEIPT OF THE CIVIL REMEDY NOTICE BY THE INSURANCE CARRIER, HEREIN. MAKE THE PAYMENT PAYABLE JOINTLY TO MICHAEL AND VICTORIA AGUGLIARO AND ABRAHAMSON AND UITERWYK. DELIVER THE PAYMENT TO ABRAHAMSON AND UITERWYK AT 2639 MCCORMICK DRIVE, CLEARWATER, FLORIDA 33759 WITHIN 60 DAYS OF RECEIPT OF THE CIVIL REMEDY NOTICE BY THE INSURANCE CARRIER. IN SO DOING, IT WOULD BE A COMPLETE, FULL AND FINAL RESOLUTION OF ANY AND ALL CLAIMS OF MR. AGUGLIARO KNOWN AND UNKNOWN INCLUDING ANY AND ALL ATTORNEYS FEES AND COSTS AS WELL AS ANY AND ALL ALLEGED DAMAGES FOR ANY POTENTIAL BAD FAITH CLAIM STEMMING DIRECTLY OR INDIRECTLY FROM THE SUBJECT MOTOR VEHICLE ACCIDENT OF APRIL 27, 2015. IN SHORT, IT WOULD BE A COMPLETE CURE OR REMEDY OF THE DEFICIENCY COMPLAINED OF AND A COMPLETE RESOLUTION OF THE CLAIMS DESCRIBED ABOVE.

**Comments**

EXHIBIT B

https://apps.fldfs.com/CivilRemedy/ViewFiling.aspx?fid=379767                              5/10/2018

**Acknowledgement**

☑ *  The submitter hereby states that this notice is given in order to perfect the rights of the person(s) damaged to pursue civil remedies authorized by Section 624.155, Florida Statutes.

Before submitting a Notice using this system, please verify that all text has been entered correctly and completely. Once the Notice has been submitted, the text cannot be changed or deleted.

After submitting a Notice using this system, you must **PRINT A COPY** and provide it to the insurer.

DFS-10-363
Rev. 11/2007